

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 24, 1975

The Honorable Kenneth D. Gaver, M. D.
Commissioner, Texas Department of Mental
Health and Mental Retardation
Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. H- 505

Re: Ability of Depart-
ment of Mental Health and
Mental Retardation to trans-
fer certain unexpended
funds to be used as grants
for community centers.

Dear Dr. Gaver:

You have requested our opinion concerning whether unexpended balances
from the fiscal year ending August 31, 1974, may be allocated by the Depart-
ment of Mental Health and Mental Retardation as state grants-in-aid to com-
munity centers for mental health and mental retardation services.

The current Appropriations Act provides:

All unexpended balances not otherwise restricted
and remaining in the respective appropriation items
in the Department of Health, Department of Mental
Health and Mental Retardation, and the Texas Youth
Council at the close of the fiscal year ending
August 31, 1974, are hereby reappropriated to the
agencies covered by this Section for the fiscal year
beginning September 1, 1974, and <u>may be allocated
to any institution or agency, other than the central
offices, under the respective agencies to be expended
for such purposes as are approved by the respective
governing boards.</u> It is the intention of the Legis-
lature that the unexpended balances shall not be used
to increase the operating level of the institutions.

This subsection shall not apply to the State
Health Department, except that unexpended balances
as defined above, from appropriations to chest
hospitals and the Tuberculosis Control Division only
are reappropriated and may be reallocated by the

> Board of Health to any chest hospital or the
> Tuberculosis Control Division for such purposes
> as are approved by the Board of Health. (Emphasis
> added).    Acts 1973, 63rd Leg. , ch. 659, p. 1880,

A similar reappropriation (Acts 1950, 51st Leg. , 1st Session, ch. 14, p. 55) was upheld in Attorney General Opinion V-1117 (1950), and expenditure of the funds was allowed for the purposes specified in the reappropriation act.   The question therefore becomes whether a community center is an "institution or agency . . . under the respective agencies . . . covered by this Section."   Thus, it is not relevant to the inquiry whether a community center is a political subdivision or a state or local agency.   See, Attorney General Opinions H-450 (1974), H-338 (1974), H-291 (1974), M-1266 (1972), M-1033 (1971), M-149 (1967).

Article 5547-204, V. T. C. S. , establishes a program for state grants-in-aid to community centers.   Section 4. 01(a) provides:

> The Department shall prescribe such rules, regu-
> lations and standards, not inconsistent with the Con-
> stitution and laws of this State, as it considers neces-
> sary and appropriate to insure adequate provision of
> mental health and mental retardation services by com-
> munity centers.

Section 4. 03 makes a center's eligibility conditional on its qualifying under these rules and regulations.   In addition, the Legislature specifically appropriated funds to the Department for use as grants-in-aid.   Acts 1973, 63rd Leg. , ch. 659, p. 1829.   It is therefore clear that recipient centers operate under the rules of the Department and that the Legislature has expressly included these Centers as a purpose for the expenditure of appropriated funds.   Consequently, it is our opinion that the Legislature intended such centers to be deemed "institutions" under the Department of Mental Health and Mental Retardation for the purposes of the Appropriations Act, and that funds from the "unexpended balance" may be allocated to community centers as State grants-in-aid.   However, these grants may not be used to increase the operating level of these centers.   Acts 1973, 63rd Leg. , ch. 659, p. 1880.

SUMMARY

     Funds from the unexpended balance of appropriations to the Department of Mental Health and Mental Retardation for the fiscal year ending August 31, 1974, may be allocated to community centers as State grants-in-aid but may not be used to increase the operating level of such centers.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinions Committee